S09A0290. JONES v. THE STATE.
(676 SE2d 225)

HUNSTEIN, Presiding Justice.

David Thomas Jones was convicted of malice murder and possession of a firearm by a convicted felon in the shooting death of Howard Curt Colquitt. He appeals from the denial of his motion for new trial, contending that the trial court erred by denying his motion to suppress his statements to police officers and by failing to charge the jury on involuntary manslaughter.[1] Finding no error, we affirm.

1. The evidence established that appellant rented a room in the victim's trailer and that the two argued regularly over the high volume at which the nearly-deaf victim set appellant's television and stereo. Appellant, while voluntarily intoxicated, fatally shot the victim in the chest with the victim's .22 caliber rifle. He then went next door, admitted to the neighbor he had shot the victim in the

---

[1] The crimes occurred on June 20, 2005. Jones was indicted August 31, 2005 in Chatham County on charges of malice murder, two counts of felony murder and possession of a firearm by a convicted felon. He was found guilty of malice murder and the possession charge on June 28, 2006 and was sentenced that same day to life imprisonment for the murder with a concurrent five-year sentence on the possession charge. His motion for new trial, filed June 28, 2006 and amended April 11, 2007, was denied January 14, 2008. A notice of appeal was filed January 18, 2008. The appeal was docketed November 4, 2008 and was submitted for decision on the briefs.

chest, told her she needed to call 911 and then gave the neighbor his wallet and his wife's phone number with directions to contact his wife. Appellant told the responding police officer that "I shot him"; stated that "I did what needed to be done" as he was being transported to the police station; and, while smoking cigarettes outside the police station with detectives, indicated on his chest where he shot the victim and said, inter alia, that the victim "deserved what happened to him."

Appellant testified at trial that he was a convicted felon; that he fired the victim's rifle the first time at his stereo because the volume was set so high; that, as the victim then came into the room, appellant "turned around like this, and I was going to, you know, put [the gun] on the bar" and "the gun apparently went off"; and that he did not intend to hit the victim.

The evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by denying his motion to suppress the various statements he made to police officers. The evidence established that appellant first admitted shooting the victim in a statement he volunteered to the responding police officer. See generally *State v. Davison*, 280 Ga. 84 (2) (623 SE2d 500) (2005) (voluntary statements not made in response to custodial interrogation admissible at trial). Appellant's remaining statements were made after the responding officer had read appellant his *Miranda*[2] rights and obtained appellant's verbal affirmation that he understood the rights and wanted to talk.

> In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court "must consider the totality of the circumstances" and must determine the admissibility of the statement under the "preponderance of the evidence" standard. Unless the factual and credibility findings of the trial court are "clearly erroneous," the trial court's decision on admissibility will be upheld on appeal. [Cit.]

*Fowler v. State*, 246 Ga. 256, 258 (3) (271 SE2d 168) (1980). The mere fact that appellant was intoxicated at the time of the statements does not automatically render them inadmissible. *Mullis v. State*, 248 Ga. 338, 340-341 (9) (282 SE2d 334) (1981). There was nothing to

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

indicate that appellant's statements, even if made while he was intoxicated, were not the product of rational intellect and free will. Based on our careful review of the evidence before the trial court, we find that the trial judge was authorized to find that appellant was rational and coherent and that his statements were given knowingly and voluntarily. *Mullis v. State, Fowler v. State*, supra.

3. We find no error in the trial court's refusal to give appellant's requested charge on the offense of involuntary manslaughter. Although appellant relies on his testimony at trial, that testimony indicated appellant never pointed or fired the weapon at anyone but that he merely turned to place the weapon on the bar.[3] Because the evidence at trial did not reflect that appellant's use of the gun amounted to reckless conduct or another misdemeanor, a charge on involuntary manslaughter was not required. See *Brown v. State*, 277 Ga. 53 (2) (586 SE2d 323) (2003).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Brian L. Daly*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.

