S11A1755. MAXWELL v. THE STATE.

(722 SE2d 763)

BENHAM, Justice.

On December 11, 2008, after having an argument with the victims, appellant Eric Maxwell shot and killed Vincente Baker, shot and wounded Baker's girlfriend, Shameka Andrews, and then drove away in the car Baker was driving.[1] During the ordeal, Baker was shot twice in his torso and Andrews was shot once in her arm. Appellant also pistol-whipped Baker while dragging him from the driver's seat of the car and, as appellant was driving away from the scene, appellant used the car to run over Baker's legs.

Andrews survived her injuries and was able to identify appellant as the shooter. When first questioned by police, appellant told them he was out of town when the shootings took place. During their investigation, however, the authorities obtained appellant's cell phone records which placed appellant in the vicinity of the shootings at the time they took place. At trial, appellant testified that Baker pointed a gun at him and Andrews and told them to get out of the car; that Baker was shot during a three-way struggle (Baker, Andrews, and appellant) for the gun; and that, after the struggle, appellant pulled Baker out of the car, climbed into the vehicle and

---

[1] On March 4, 2009, the Chatham County grand jury charged appellant with malice murder, three counts of felony murder, three counts of aggravated assault, four counts of possession of a firearm during the commission of a crime, and one count of hijacking a motor vehicle. The State tried appellant from February 16, 2010, to February 19, 2010, and the jury returned a verdict on all charges except for two counts of aggravated assault and one count of possession of a firearm during the commission of a crime. The trial court sentenced appellant to serve life in prison for malice murder, five years to serve consecutively for possession of firearm during the commission of a crime, twenty years to serve consecutively for aggravated assault, and twenty years to serve consecutively for hijacking a motor vehicle. The remaining three counts of felony murder were vacated as a matter of law and the remaining two counts of possession of a firearm merged into the possession count for which appellant was convicted. Appellant moved for a new trial on February 24, 2010, and amended the motion on November 29, 2010. The trial court denied his motion for new trial on March 25, 2011. Appellant timely filed a notice of appeal on April 15, 2011, and the case was docketed in this Court to the September 2011 term for a decision to be made on the briefs.

fled the scene, leaving Andrews behind when she would not enter the car. Appellant denied shooting Andrews and testified that he never told anyone, including his lawyer, his version of events until the Saturday immediately prior to the Monday on which the trial was scheduled to commence. He admitted that he recanted his alibi defense when he learned what information his cell phone records would reveal.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant alleges his trial counsel provided constitutionally ineffective assistance when counsel allegedly failed to craft a self-defense strategy prior to the eve of trial; when counsel failed to invoke the rule of sequestration and allowed the lead detective to remain in the courtroom during trial; and when counsel failed to object to leading questions. To sustain a claim for ineffective assistance of counsel, appellant must show that there was a deficiency on the part of his lawyer and that "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 694 (104 SC 2052, 80 LE2d 674) (1984).

At his motion for new trial hearing, appellant did not proffer any evidence regarding his claim of ineffective assistance of counsel. In particular, trial counsel was not called to testify at the motion for new trial hearing. "It is extremely difficult to overcome [the] presumption [of reasonable professional assistance] where counsel does not testify. [Cit.]" *Chatman v. Mancill*, 280 Ga. 253, 258 (2) (c) (626 SE2d 102) (2006). The record also does not reveal any deficient performance. Since appellant admittedly did not tell his counsel that he acted in self-defense until the eve of trial, there was no deficiency on the part of counsel in the timing and preparation of appellant's self-defense claim. Additionally, the trial court announced the rule of sequestration had been invoked and cleared the courtroom of witnesses. The fact that the trial court allowed the lead detective in the case to stay at the prosecution's table during the trial, despite invocation of the rule of sequestration, was not an abuse of discretion, especially where, as here, the prosecutor stated that the detective was needed for the orderly presentation of the case. *Dockery v. State*, 287 Ga. 275 (3) (695 SE2d 599) (2010); *Thorpe v. State*, 285 Ga. 604 (2) (678 SE2d 913) (2009).

Finally, although appellant generally opines that his trial counsel failed to object to leading questions, he fails to identify any specific instances of these alleged deficiencies. It is not this Court's job to cull the record on behalf of the party to find alleged errors.

*Watson v. State*, 289 Ga. 39 (12) (d) (709 SE2d 2) (2011). Accordingly, the trial court did not err when it denied appellant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2012.

*Brian L. Daly,* for appellant.

*Larry Chisolm, District Attorney, Christine S. Barker, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General,* for appellee.