S13A1169. JOHNSON v. THE STATE.
(748 SE2d 896)

THOMPSON, Chief Justice.

Appellant Floydzell Michael Johnson was convicted and sentenced for felony murder and possession of a firearm by a convicted felon in connection with the shooting death of J. B. Melton IV.[1] He appeals, asserting, inter alia, a number of traverse jurors were excused from service without making a proper showing of good cause. We affirm the trial court's judgment in part and vacate in part.

1. Viewing the evidence in a light most favorable to the verdict, as we are bound to do, we find the following: There was bad blood between the victim and appellant's girlfriend who believed the victim had attacked and injured her son. On the day in question, appellant and appellant's girlfriend came upon the victim as he drove through town. They stalked and harassed the victim throughout much of the day. At one point, appellant, a convicted felon, made a stop to purchase a shotgun. Later, appellant and his girlfriend observed the victim's wife and her mother drive up to meet with the victim. Appellant's girlfriend attacked the victim's wife; the women fought and fell into the tonneau of the wife's car. Appellant's girlfriend pulled a knife, and appellant retrieved his newly purchased shotgun from the bed of his truck. Appellant fired a warning shot in the air. The victim asked appellant what he was doing with a gun and said "Let's just don't do this" as he backed away. Appellant fatally shot the victim in

---

[1] The crimes were committed on July 30, 2009. The grand jury indicted appellant on September 14, 2009, and charged him with malice murder, felony murder predicated upon the underlying felony of possession of a firearm by a convicted felon, aggravated assault and possession of a firearm by a convicted felon. Trial commenced on June 7, 2010. The jury returned its verdict on June 11, finding appellant guilty of felony murder, aggravated assault and the firearm possession charge. On July 23, 2010, finding that appellant had been convicted twice previously of felony cocaine possession, the trial court sentenced appellant to life without parole for felony murder and five years for possession of a firearm by a convicted felon. See OCGA § 17-10-7. The aggravated assault charge was merged with the felony murder conviction as a matter of fact. Appellant's timely filed motion for new trial was denied on January 12, 2012, and appellant filed a notice of appeal on February 2, 2012. The record was filed in this Court on April 19, 2013, docketed to the April 2013 term of this Court, and submitted for decision on the briefs.

the chest and fled. Appellant turned himself in to police the next day, claiming he shot the victim in self-defense.

The evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Although the evidence as to whether the victim had a gun and pointed it at appellant was in dispute, the jury was authorized to find that appellant did not act in self-defense. *Clark v. State*, 271 Ga. 27, 29 (1) (518 SE2d 117) (1999).

Because the felony murder count was predicated upon the felony of possession of a firearm by a convicted felon, appellant asserts, and the State concedes, the trial court erred in sentencing appellant for the firearm possession charge. We agree that the firearm possession charge merged with the felony murder count. *Green v. State*, 283 Ga. 126, 130-131 (657 SE2d 221) (2008). Accordingly, we must vacate appellant's conviction and sentence for possession of a firearm by a convicted felon. Id.

2. Appellant contends the trial court erred in denying his motion to challenge the array of the traverse jury on the ground that the clerk of court exempted or deferred service for a number of jurors without requiring them to produce written documentation. See OCGA § 15-12-1.1, effective July 1, 2011, which redesignated former OCGA § 15-12-1 as OCGA § 15-12-1.1 and deleted the former last sentence of certain paragraphs which read: "It shall be the duty of the court to provide affidavits for the purpose of this paragraph." The record is devoid of a ruling by the trial court upon appellant's motion to challenge the array. However, even if the trial court denied the motion, we would find no reversible error because, unlike *Yates v. State*, 274 Ga. 312 (553 SE2d 563) (2001), upon which appellant relies, a written order authorizing the clerk to excuse potential jurors was in place and jurors who proffered medical excuses were not excused by the clerk indiscriminately.[2] On the contrary, the clerk did not grant a potential juror's request without making an inquiry into the nature of the juror's problem; and not all jurors were excused or deferred. Moreover, " 'there is absolutely no evidence that the excusals or deferrals in this case were allowed in such a manner as to alter, deliberately or inadvertently, the representative nature of the jury lists.' [Cit.]" *Young v. State*, 290 Ga. 392, 394 (721 SE2d 855) (2012), quoting *English v. State*, 290 Ga. App. 378, 383 (659 SE2d 783) (2008).

---

[2] In *Yates*, a death penalty case, the trial court ordered that all requests to be excused be brought before the court; nevertheless, the clerk excused a number of potential jurors without inquiry.

Thus, "[w]e do not find here such disregard of the essential and substantial provisions of the statute as would vitiate the arrays." *Franklin v. State*, 245 Ga. 141, 147 (263 SE2d 666) (1980).

3. Citing *Robertson v. State*, 268 Ga. 772, 774 (4) (493 SE2d 697) (1997), appellant asserts the trial court violated his Sixth Amendment right to a public trial because a number of potential jurors were questioned privately in chambers during voir dire. Appellant did not raise this objection to voir dire on this ground below; however, even if he did, we find his assertion to be without merit. Unlike *Robertson*, the potential jurors in this case were questioned in the presence of appellant and defense counsel. Accordingly, *Robertson* is inapposite. Furthermore, although the right to a public trial extends to voir dire, it " 'may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting the disclosure of sensitive information.' [Cit.]" *Presley v. Georgia*, 558 U. S. 209, 213 (130 SCt 721, 175 LE2d 675) (2010). Thus, public access to voir dire can be limited, as was done here, to promote juror candor and minimize the risk of juror taint. *State v. Abernathy*, 289 Ga. 603, 609 (5) (715 SE2d 48) (2011).

4. In his opening statement, the prosecutor told the jury it was the responsibility of defense counsel "to represent the defendant in this case and to show you, if they can, why he should not be convicted of these crimes." Defense counsel did not object to the prosecutor's statement. The failure of defense counsel to object in timely fashion to the statement waives appellant's right to challenge the statement on appeal. *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992). Relying upon OCGA § 17-8-75, appellant asserts the trial court erred in failing to intervene sua sponte because the statement was burden shifting. We disagree. OCGA § 17-8-75 "only requires the judge to act where counsel makes a timely objection." Id.

5. Error, if any, in the admission under the necessity exception of non-testimonial hearsay statements made by the victim to his aunt was rendered harmless by the admission of other testimony generally covering the same subject matter. *Suits v. State*, 270 Ga. 362, 365 (2) (507 SE2d 751) (1998).

6. Appellant contends the trial court erred in permitting the State to introduce evidence showing that Johnell Tolbert badly beat appellant's brother, sending him to the hospital; that appellant tracked Tolbert to a night club, where he confronted him; that, although Tolbert was unarmed, appellant pulled a gun; and that appellant shot Tolbert in the buttocks as Tolbert tried to run away. This evidence was properly admitted to show "identity, bent of mind, course of conduct, and intent." *Collins v. State*, 273 Ga. 93, 94 (538

SE2d 47) (2000) (decided under former OCGA § 24-2-2).[3] There were sufficient similarities between the independent act and the crime charged such that proof of the former tends to prove the latter. Id.

7. Appellant claims his constitutional right to be present was violated when the trial court, the prosecutor, and defense counsel discussed a note sent by the jury asking about the charge on manslaughter.[4] The discussion took place in appellant's absence. However, because the discussion pertained to legal matters about which appellant could not have made a meaningful contribution, there was no due process violation. *Parks v. State*, 275 Ga. 320, 322 (3) (565 SE2d 447) (2002) ("the right to be present exists where there is a reasonably substantial relation to the fullness of opportunity to defend against the charge and to the extent that a fair and just hearing would be thwarted by the defendant's absence").

8. During cross-examination, appellant admitted he was a convicted felon and that he was in possession of a firearm on the day in question. In view of appellant's admissions, the prosecutor asked appellant why he entered a plea of not guilty to the charge of possession of a firearm by a convicted felon. Appellant objected to the prosecutor's question on the ground that he had "the right to plead not guilty to any charges." The prosecutor responded that he was simply asking appellant about the factual basis for his plea. No immediate ruling was made by the trial court. The prosecutor then asked appellant if he was claiming self-defense when he first put the shotgun in the bed of his pickup truck (approximately 40 minutes before the shooting). Defense counsel objected again, asserting appellant was not charged with possessing a firearm at that point in time. Thereupon, the prosecutor, defense counsel and the trial court discussed whether the possession of a firearm charge concerned only the time of the shooting or whether it pertained to the earlier time. At the conclusion of that discussion, the trial court stated: "Count 2 [felony murder] has commission of the offense of possession of a firearm by a convicted felon. A felon did cause the death and then, of course, the last count is just possession of a firearm by a convicted felon, so I'm going to overrule your objection." On appeal, appellant contends the trial court erred in permitting the prosecutor to cross-examine appellant as to his plea of not guilty to the count charging possession of a firearm by a convicted felon. We discern no error. See generally

---

[3] OCGA § 24-2-2, which was in effect during the trial of this case, was superseded by OCGA § 24-4-404 (Ga. L. 2011, pp. 99, 106).

[4] The trial court responded simply to the note by stating: "You have received all of your instructions which include all of the allowable forms of the verdict."

*Gentry v. State*, 226 Ga. App. 216, 218 (485 SE2d 824) (1997) (like any other party, State has right to conduct a thorough and sifting cross-examination).

9. Appellant argues that the trial court's statement "a felon did cause the death"[5] was an improper comment on the evidence and the guilt of the accused. See OCGA § 17-8-57. We disagree. It is clear from the entirety of the trial court's statement that it was simply reading the allegations of the indictment; it was not commenting on the evidence. Moreover, "remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." *Johnson v. State*, 246 Ga. 126, 128 (269 SE2d 18) (1980).

10. The trial court charged the jury on justification as follows:

> The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. A person is justified in threatening or using force against another person when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against the other's imminent use of unlawful force. A person is justified in using force that is intended or likely to cause death or great bodily harm only if that person reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony. The State has the burden of proving beyond a reasonable doubt that the defendant was not justified. *A person is not justified in using force if that person* initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailants, *is attempting to commit, is committing, or is fleeing after the commission or attempted commission of a felony* or was the aggressor or was engaged in a combat by agreement unless the person withdraws from the encounter and effectively communicates his intent to withdraw to the other person and the other person still continues or threatens to continue the use of unlawful force. Ladies and gentlemen, you may consider as it relates to count 2 of the indictment which is for felony murder that whereupon a sudden emergency one suddenly acquires actual possession of a firearm for the purpose of defending himself or a third person, if you find that to have been the purpose,

---

[5] See Division 8, supra.

then he would not be in violation of any law prohibiting a felon from being in possession of a firearm.

(Emphasis supplied.) Appellant contends the effect of the italicized portion of the charge was to eliminate the justification defense from the jury's consideration because, as a convicted felon in possession of a firearm, appellant was in the commission of a felony at the time of the shooting. We cannot accept this contention because the trial court added that a felon would not be in violation of the firearm possession statute if he was found to be in possession of a firearm for purposes of self-defense.

11. Appellant asserts defense counsel rendered ineffective assistance for failing to (a) object to the prosecutor's opening statement;[6] (b) interview the victim's aunt prior to trial, thereby eliciting damaging testimony from her on cross-examination; and (c) poll the jury after it returned its verdict. In order to prevail on this claim, appellant must show that trial counsel performed deficiently and that such performance was so prejudicial that a reasonable probability exists that, but for counsel's error, the outcome of his trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). This Court need not address both prongs of the *Strickland* analysis if the appellant makes an insufficient showing on one. Thus, we do not need to determine whether counsel's performance was deficient prior to determining whether appellant suffered prejudice as a result of the alleged deficiency. *Bell v. State*, 287 Ga. 670, 674 (3) (697 SE2d 793) (2010).

(a) It cannot be said that appellant was prejudiced as a result of the failure of defense counsel to object to the prosecutor's opening statement. The comment about which appellant complains contained no explicit reference to appellant's "burden." See generally *Johnson v. State*, 271 Ga. 375, 383 (15) (a) (519 SE2d 221) (1999) ("make them explain" argument not burden shifting). Even if it can be said that the comment was burden shifting, appellant cannot demonstrate prejudice because (1) the prosecutor went on to say that the burden was on the state to prove guilt beyond a reasonable doubt; and (2) the trial court instructed the jury that "there is no burden of proof upon the defendant whatsoever and the burden never shifts to the defendant to introduce evidence or prove innocence."

(b) Appellant similarly has failed to establish prejudice related to defense counsel's failure to interview the victim's aunt. Appellant has not demonstrated that the victim's aunt was willing to be interviewed

---

[6] See Division 4, supra.

by defense counsel. Nor has appellant specified how the alleged failure to interview the witness led to the introduction of testimony harmful to appellant.[7] He merely states in conclusive fashion that defense counsel elicited testimony prejudicial to appellant's defense. See *Roberts v. State*, 229 Ga. App. 783, 785 (2) (a) (494 SE2d 689) (1997), overruled on other grounds, *Miller v. State*, 285 Ga. 285, 287 (676 SE2d 173) (2009). Thus, appellant has not shown a reasonable probability that, had defense counsel interviewed the victim's aunt, the jury would have returned a different verdict.

(c) "Our courts have 'consistently rejected ineffective assistance claims based on the failure to conduct a poll.' *Hodge v. State*, 287 Ga. App. 750, 753 (652 SE2d 634) (2007)." *Marshall v. State*, 285 Ga. 351, 353 (676 SE2d 201) (2009).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Jon W. McClure*, for appellant.

*C. Paul Bowden, District Attorney, Ronnie A. Wheeler, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.

---

[7] Although defense counsel did not interview the victim's aunt, she did review her statement prior to trial.