296 Ga. 422
FINAL COPY

S14A1570.  McNEELY v. THE STATE.

BENHAM, Justice.

Appellant Nebula McNeely was convicted of two counts of felony murder and other offenses related to shoplifting and the deaths of two individuals arising from an automobile collision.  The collision occurred when appellant and her accomplice were fleeing or attempting to elude a police officer after they had been confronted for shoplifting.[1]  For the reasons set forth below, we affirm in part with respect to the convictions, but we vacate in part, with respect to the

---

[1]  The crimes occurred on June 4, 2006.  The Columbia County grand jury returned an indictment on August 9, 2006, charging appellant with felony theft by shoplifting; fleeing or attempting to elude a police officer; two counts of felony murder (while in the commission of fleeing or attempting to elude a police officer); feticide of an unborn child during the commission of the felony of fleeing or attempting to elude a police officer; serious injury by vehicle to the mother of the unborn child by reckless driving; serious injury by vehicle to the six-year old child in the vehicle in which appellant was a passenger by reckless driving; and cruelty to children in the second degree by operating a motor vehicle in a reckless manner with the minor child unrestrained by a safety seatbelt which resulted in serious injuries to the child.  The State gave notice of its intent to seek recidivist punishment against appellant.  After a trial conducted May 6-8, 2008, the jury found appellant guilty of the lesser offense of misdemeanor shoplifting and guilty as charged on the remaining counts.  The trial court sentenced appellant as a recidivist to twelve months to serve for misdemeanor shoplifting, five years to serve for fleeing or eluding, life for each of the two counts of felony murder, life without parole for feticide, five years for each of the two counts of serious injury by vehicle, and ten years for cruelty to a child, with all sentences to run consecutively. Appellant filed a timely motion for new trial on June 6, 2008.  After a hearing on March 21, 2014, the trial court denied the motion for new trial on April 29, 2014.  Appellant filed a timely notice of appeal on May 7, 2014, and this appeal was docketed in this Court to the September 2014 term for a decision to  be made on the briefs.

separate sentence imposed for the conviction for felony fleeing or eluding, because we find, for purposes of sentencing, that conviction merged as a matter of law with the convictions for felony murder.

Viewed in the light most favorable to the verdict, the evidence shows appellant's accomplice, Tiara Smith, drove her SUV into an intersection against a red light, causing a deadly automobile collision while speeding away from the scene where Smith and appellant had been involved in shoplifting. Smith was the girlfriend of appellant's son. Appellant asked Smith to drive her to go shopping for a birthday gift. Three months earlier, appellant had been released from incarceration for shoplifting and other offenses, and Smith knew appellant intended to shoplift merchandise on the day in question. Without permission, appellant took along a friend's six-year-old daughter, who was used as a diversion during the shoplifting episode. At Marshall's department store, a loss prevention detective observed the women place various items in a shopping cart. Leaving the cart inside, they then went outside to the parking lot where they reached into an SUV and dumped items out of a shopping bag. The women returned to the store with the empty bag, placed items previously collected in their cart into the shopping bag, and left the store without paying for them. The

2

store detective had already alerted police, and she and the store manager followed the women out to the parking lot and confronted appellant about the merchandise. Appellant denied the items were stolen and started shoving the detective. Appellant refused the detective's request to go back into the store. Instead, when she saw that Smith and the child had gotten into the SUV, appellant dropped the merchandise and jumped into the SUV, and the women drove away.

A Columbia County Sheriff's motorcycle officer heard a dispatch about the shoplifting and was headed in the direction of the store when he observed an SUV speeding in the opposite direction at 70 miles per hour. After turning around to pursue the SUV and turning on the motorcycle's blue lights and siren, he heard additional information that the getaway car was a dark-colored SUV with a South Carolina license plate. The SUV he was pursuing matched the description of the getaway car. The SUV did not stop or slow down as it went through two intersections, and then collided with another vehicle after running a stop light. Two occupants in the other car were killed upon impact. A third occupant was five months pregnant, and her unborn child was lost as a result of extensive injuries she sustained in the collision. The young girl in the SUV was

not wearing safety restraints, and she also sustained serious injuries in the collision. Appellant was ejected from the SUV upon impact and was taken to the hospital. When interviewed by law enforcement at the hospital, appellant denied going into the store in question.

Both Smith and appellant were indicted. Smith pleaded guilty and testified against appellant at her trial. Smith testified that she saw the motorcycle officer pursuing her and told appellant to put on her seatbelt because she was going to pull over. She further testified that appellant argued with her and demanded that she not stop, and further demanded that she run the light at the intersection where the collision occurred. When interviewed by authorities after the collision, Smith said appellant repeatedly demanded that Smith drive faster to get away from the pursuing officer because she could not afford to get into more trouble. Appellant testified at trial and admitted shoplifting. She also admitted having gotten out of prison about three months before this incident and admitted knowing that violating her parole and probation by shoplifting would send her back to prison. She denied, however, that she encouraged Smith to avoid being pulled over and claimed she told Smith to slow down.

1. Pursuant to OCGA § 40-6-395 (a): "It shall be unlawful for any driver

4

of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or audible signal to bring the vehicle to a stop. . . ." Relying upon *Carter v. State*, 249 Ga. App. 354 (5) (548 SE2d 102) (2001) (in which no evidence was presented that appellant did anything other than occupy the passenger seat of the vehicle while his accomplice in the crime of hijacking engaged in a high-speed chase with police), appellant argues that the evidence was insufficient for a reasonable finder of fact to find her guilty of violating the terms of this statute because she was not the driver of the vehicle in which she was riding, nor did she have authority to bring the driver's vehicle to a stop. The State's theory regarding this offense, however, is that appellant was a party to this crime by aiding or abetting in it, or by intentionally advising or encouraging Smith to commit the crime. See OCGA § 16-2-20 (b) (3) and (4). It is true, as appellant argues, that to sustain a felony conviction, the testimony of an accomplice must be corroborated. See former OCGA § 24-4-8.[2] We reject appellant's assertion, however, that the evidence of her active participation in the driver's act of fleeing or attempting to elude the law

---

[2] This Code section now appears as OCGA § 24-14-8 in the new Evidence Code.

enforcement officer consisted solely of the uncorroborated testimony of Smith, her accomplice to the crime. Evidence connecting the defendant with the crime, in satisfaction of former OCGA § 24-4-8, may be slight and it may be entirely circumstantial. *Sutton v. State*, 295 Ga. 350, 351-352 (1) (759 SE2d 846) (2014). Further, "evidence of the defendant's conduct before and after the crime may give rise to an inference that [s]he participated in the crime." (Citation omitted.) Id. at 352. This rule is applicable to the crime of fleeing or attempting to elude a police vehicle pursuant to OCGA § 40-6-395 (a). See *Westmoreland v. State*, 287 Ga. 688 (4) (b) (699 SE2d 13) (2010); *Cooper v. State*, 281 Ga. App. 882 (2) (637 SE2d 480) (2006).

Appellant testified and admitted shoplifting, and further admitted she had a prior record of shoplifting, that she had only recently been released from prison, and that she knew getting caught the day of these events would be a parole violation that would send her back to prison. The evidence showed appellant avoided detention and questioning by store personnel and that she physically assaulted one of the store employees who confronted her. When appellant saw Smith was about to pull out of the store parking lot, she fled the scene to jump into the car with Smith. When questioned in the hospital after the

collision, appellant denied her involvement with the shoplifting. These circumstances serve as ample corroboration of the accomplice's testimony that appellant urged her to drive fast and ordered her to run the stop light in order to avoid being apprehended by the pursuing police officer. "When reviewing the sufficiency of the evidence this Court does not reweigh the evidence or resolve conflicts in testimony. [Cit.] Resolving evidentiary conflicts and inconsistencies and assessing witness credibility are the province of the fact finder, not the appellate court. [Cit.]" *Browner v. State*, 296 Ga. 138, 140-141 (1) (665 SE2d 348) (2014); see also *Dixon v. State*, 294 Ga. 40 (3) (751 SE2d 69) (2013). Accordingly, the evidence was sufficient to support appellant's conviction, as a party to the crime, of violating OCGA § 40-6-395 (a). See *Bivins v. State*, 166 Ga. App. 580 (2) (305 SE2d 29) (1983) (affirming the conviction of a passenger in a vehicle being driven by an accomplice for fleeing or attempting to elude a police officer).

2. Appellant was convicted of two counts of felony murder for causing the deaths of the two victims, as set forth in the indictment, "while in the commission of the felony of Fleeing and Attempting to Elude a Police Officer . . . ." Appellant was also convicted of feticide, OCGA § 16-5-80, for willfully

7

killing an unborn child in the manner set forth in the statute "while in the commission of the felony of Fleeing and Attempting to Elude a Police Officer . . . ." Appellant challenges her convictions for these three offenses because, she claims, the evidence was insufficient to support the underlying felony of fleeing or attempting to elude an officer, which was an essential element of each of the offenses, as charged. For the reasons set forth in Division 1, we find that the evidence was sufficient to support a finding that appellant was a party to the act of fleeing or attempting to elude a police officer. Consequently, the evidence was sufficient for the jury to find appellant guilty of the underlying felony on which the two felony murder counts were based, and the element of fleeing or attempting to elude a police officer as charged in the feticide count.

3. Along the same vein, appellant asserts the evidence was insufficient to support a finding that she was engaged in reckless driving because she was not the driver of the vehicle involved in this case. Consequently, she argues her convictions for two counts of serious injury by vehicle based on the allegation of reckless driving, and the conviction for cruelty to a child in the second degree by operating a vehicle in a reckless manner, cannot be sustained.

Reckless driving is defined as "[driving] any vehicle in reckless disregard

for the safety of persons or property . . . ."  OCGA § 40-6-390 (a).  Serious injury by vehicle is defined as causing bodily harm to another through the violation of OCGA § 40-6-390 by,  among other things, "rendering a member of his body useless, [or] by seriously disfiguring his body or a member thereof . . . ."  OCGA § 40-6-394.  Again, appellant claims the evidence was insufficient to permit a jury to conclude she contributed to her accomplice's act of driving recklessly, other than the uncorroborated testimony of the accomplice that appellant "egged her on."  We reject this argument because, for the reasons set forth and discussed in Division 1, sufficient evidence was presented to corroborate the testimony of the accomplice that appellant intentionally aided or abetted in the commission of reckless driving, or that she intentionally advised, encouraged, or procured her accomplice to engage in reckless driving, as set forth in OCGA § 40-6-390 (a), in order to avoid being apprehended by the pursuing officer.  Accordingly, appellant's convictions for the crimes predicated upon reckless driving are affirmed, even though she was not the actual driver of the vehicle.  See *Guzman v. State*, 262 Ga. App. 564 (586 SE2d 59) (2003) (evidence was sufficient to support a finding that defendant was a party to the crime of driving under the influence of alcohol by supplying alcohol to a minor

and the keys to his car, knowing that the minor was about to drive). Likewise, with respect to the conviction for cruelty to a child by operating a vehicle in a reckless manner, the evidence is sufficient to support appellant's conviction as a party to that crime.

4. Pursuant to the analysis set forth in the previous divisions of this opinion, we conclude the evidence was sufficient to sustain a conviction for each crime for which appellant was found guilty, in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

5. The trial court did err, however, in imposing a separate sentence of five years imprisonment for the fleeing or eluding conviction. Appellant's convictions for felony murder and feticide were based on the underlying felony of fleeing or eluding the police. In its briefs, the State acknowledges the long-standing rule that the underlying felony for a felony murder conviction merges with felony murder for purposes of sentencing. See *Johnson v. State*, 293 Ga. 641, 642 (1) (748 SE2d 896) (2013); see also *Ferguson v. State*, 280 Ga. 893, 894 (1), n. 2 (635 SE2d 144) (2006) (applying this rule to the underlying offense of fleeing or attempting to elude a police officer). Accordingly, appellant's

conviction and sentence for felony fleeing or eluding, set forth in Count 2 of the indictment, is vacated.

6. Appellant also urges that the convictions for cruelty to children in the second degree (by operating a vehicle recklessly with the child unrestrained, thereby causing serious bodily injuries, as alleged in the indictment)[3] and serious injury by vehicle (by the act of reckless driving)[4] with respect to the same victim should merge for the purpose of sentencing. According to appellant, the count alleging serious injury by vehicle is, pursuant to OCGA § 16-1-6, a lesser included offense of the count alleging cruelty to children in the second degree,

---

[3] Count 8 of the indictment reads in pertinent part that appellant was charged with the offense of cruelty to children in the second degree ([OCGA] § 16-5-70 (c)) for that said accused . . . did with criminal negligence cause [name of child], a child under the age of eighteen (18) years, cruel and excessive physical and mental pain by failing to provide protection to [the child], a minor over six years of age, when the accused did operate a motor vehicle in a reckless manner with said minor unrestrained by a safety seat belt which resulted in the child receiving serious facial injuries during an accident, contrary to the laws of [the] State . . . .

[4] Count 7 of the indictment reads in pertinent part that appellant was charged with the offense of serious injury by vehicle ([OCGA] § 40-6-394) for that said accused . . . did without malice, cause bodily harm to [name of child], a human being, by rendering a member of her body useless through a violation of the Official Code of Georgia Annotated Section 40-6-390, Reckless Driving, in that said accused did fail to stop at a traffic control device . . . while traveling at a high rate of speed, and did collide with another vehicle, and as a result of the accident [the child], an occupant in the accused's vehicle, suffered [a list of serious injuries].

because it is demonstrated by proof of the same or less than all the facts necessary to prove the cruelty to children accusation. Appellant also asserts the same conduct established the commission of both these crimes.

We reject these assertions. The test for whether convictions for multiple criminal offenses must be merged is "whether each provision requires proof of a fact which the other does not." (Citation and punctuation omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). These two counts do not require merger because each offense requires proof of a different wrongful act. Conviction for cruelty to children in the second degree requires the person charged to have caused, with criminal negligence, cruel or excessive physical or mental pain to a child under the age of 18. OCGA § 16-5-70 (c). As alleged in the indictment, the offense required proof that the appellant failed to provide protection to the injured child by operating a motor vehicle in a reckless manner with the child unrestrained, thus causing her injuries. Conviction for serious injury by vehicle, as alleged in this case, requires the person charged to have caused bodily harm to another, as described in the statute, through violation of the reckless driving statute. OCGA § 40-6-394. The cruelty to children conviction in this case required proof of facts not required by the serious injury

by vehicle conviction, and vice versa, and thus these two convictions do not merge.

Judgment affirmed in part and vacated in part.  All the Justices concur.

Decided January 20, 2015.

Murder. Columbia Superior Court. Before Judge Jolly.

McMillan & Rawlings, Thomas C. Rawlings, Brandi D. Payne, for appellant.

Ashley Wright, District Attorney, Henry W. Syms, Jr., Madonna M. Little, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christian A. Fuller, Assistant Attorney General, for appellee.