302 Ga. 802
FINAL COPY

S17A1587.  NORRIS v. THE STATE.

GRANT, Justice.

Joseph Norris was convicted of felony murder, one count of aggravated assault by shooting the victim with a gun (the predicate offense for the felony murder charge), and one count of aggravated assault with the intent to rob, all in connection with the shooting death of Michael Patton.[1]  In this appeal, Norris argues that the trial court erred when it failed to suppress his three videotaped statements to police, and that both of the aggravated assault convictions should have merged into the felony murder conviction.  We agree that the conviction

_____

[1] The victim was killed on April 20, 2014.  On July 10, 2014, Norris was indicted by a Henry County grand jury for malice murder, felony murder based on aggravated assault by shooting the victim with a gun, aggravated assault by shooting the victim with a gun, and aggravated assault with the intent to rob.  At the conclusion of a trial held April 25 through May 5, 2016, the jury acquitted Norris of malice murder, but found him guilty on the other three counts.  The trial court sentenced Norris to serve life in prison without the possibility of parole for felony murder and twenty years' imprisonment for each of the aggravated assault convictions, to be served consecutively to the felony murder sentence and to each other.  On May 9, 2016, Norris filed a motion for new trial, which the trial court denied on February 24, 2017.   Norris filed a timely notice of appeal on March 3, 2017, and the case was docketed in this Court for the August 2017 term and submitted for a decision on the briefs.

for aggravated assault by shooting should have merged into the felony murder conviction, but otherwise find no error. We therefore affirm in part and vacate in part.

## I.

Viewed in the light most favorable to the verdicts, the evidence introduced at trial showed the following. In the early morning hours of Sunday, April 20, 2014, Norris and Rachel Strauch broke into the house where Patton lived with Tonia Gantt, through a rear door that Gantt had deliberately left unbolted. Norris, Strauch, and Gantt planned to rob Patton, who they believed would have methamphetamine and several thousand dollars in cash. [2] That night, Norris and Strauch waited inside the house until Gantt and Patton arrived home, and then Norris attacked with an expandable baton, hitting Gantt in the forehead and Patton in the shoulder; the plan had been for Gantt to be "victimized" in the robbery so that her complicity would not be suspected. Patton ducked and ran toward the front door. Norris shot at Patton with a .380 handgun, hitting him in the head and killing him. After Patton collapsed,

---

[2] Strauch and Gantt were indicted for the same offenses as Norris, but pled guilty to lesser crimes after Norris's trial.

Norris grabbed a bag off the floor[3] as he and Strauch ran out of the house toward their car. Norris cut through the woods, ran into a tree, and lost his hat and glasses. Norris later threw the .380 pistol out of the car window over a highway exit ramp.

Investigating officers found a tote bag containing drugs and money in the master bedroom of Gantt's house. They also found an expandable baton with Patton's blood on it in the neighbor's yard, and discovered Norris's baseball cap and glasses in the woods about 150 feet away from Gantt's house.

The next night, officers from the Butts County Sheriff's Department arrested Norris based on a tip. Once in custody, Norris was interviewed three separate times on the same day: once at the Butts County jail by Henry County police detective Gerald Marshall; once by Henry County police detective René Swanson, again at the Butts County jail; and once more by Detective Marshall at the Henry County Police Department. All three interviews were videotaped. During these interviews, Norris confessed to the events described above and told police where to find the .380 pistol he used to shoot Patton. Although Norris does not challenge the sufficiency of the evidence supporting his

---

[3] Norris thought that he had grabbed the bag full of drugs and money, but later realized that the bag was actually Gantt's purse.

convictions, as is our practice, we have reviewed the record and conclude that the evidence presented at trial and summarized above was sufficient for a rational trier of fact to find Norris guilty beyond a reasonable doubt of the crimes for which he was convicted.  See *Jackson v. Virginia*, 443 U.S. 307, 318-319 (99 SCt 2781, 61 LE2d 560) (1979).

## II.

Norris challenges the admission into evidence of the three videotaped statements he made to police after his arrest, claiming that the statements were non-voluntary because he was intoxicated at the time of the police interviews. We disagree.

The trial court held a *Jackson-Denno*[4] hearing to determine the voluntariness and admissibility of Norris's statements.  Detectives Marshall and Swanson testified at the hearing, and the trial court viewed portions of the videotapes.  The videotapes showed that Norris was advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (86 SCt 1602, 16 LE2d 694) (1966), and confirmed his understanding and willingness to speak with police both orally and in writing.  Although Norris told police that he and Strauch had stayed up

---

[4] See *Jackson v. Denno*, 378 U.S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

"doing dope" on the night of the shooting, and that he was "out of his mind" when he shot Patton, he gave no indication that he was still intoxicated at the time of the interviews, which took place more than 24 hours after the shooting and began about 6 hours after Norris's arrest.

Even if Norris was intoxicated at the time of the interviews, that fact alone does not render the statements inadmissible. See *Wallace v. State*, 296 Ga. 388, 390 (768 SE2d 480) (2015). In deciding the admissibility of Norris's statements at the *Jackson-Denno* hearing, the trial court was required to consider the totality of the circumstances and determine, by a preponderance of the evidence, whether the statements were knowingly and voluntarily given. *Lewis v. State*, 298 Ga. 889, 890-891 (785 SE2d 520) (2016). On appeal, we accept the trial court's findings of fact and credibility determinations unless they are clearly erroneous; but "where controlling facts are not in dispute, such as those facts discernible from a videotape, our review is de novo." *Benton v. State*, 302 Ga. 570, 572 (807 SE2d 450) (2017). We independently apply the legal principles to the facts. *Lewis*, 298 Ga. at 890-891. Where the evidence is sufficient to establish that a defendant's statement was "the product of rational intellect and free will," the statement may be admitted even if the

defendant was intoxicated when he gave it. *Jones v. State*, 285 Ga. 328, 329 (676 SE2d 225) (2009).

Here, Norris appeared calm, coherent, and alert during all three interviews. Detectives Marshall and Swanson testified, and the videotapes show, that Norris was oriented to time and place, appeared to understand his rights and waived them orally and in writing, answered questions appropriately, and gave a clear and detailed description of events. Norris was not promised anything in exchange for his statements or threatened or coerced into speaking. This evidence sufficiently supports the trial court's determination that Norris knowingly and voluntarily waived his *Miranda* rights and gave his statements. See *Lewis* 298 Ga. at 890-892; *Jones*, 285 Ga. at 329-330.

### III.

Norris contends that his convictions and sentences for the aggravated assault charges should have merged with the felony murder conviction. Under OCGA § 16-1-7 (a) (1), "[w]hen the same conduct of an accused may establish the commission of more than one crime," a defendant may be convicted of each crime separately unless "[o]ne crime is included in the other." One crime is "included in" the other so that convictions for the two offenses must merge

for sentencing purposes when one of the crimes is "established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime]" or the two crimes differ only in that one is established by "less serious injury or risk of injury to the same person" or "a lesser kind of culpability" than the other. OCGA § 16-1-6; see *Drinkard v. Walker*, 281 Ga. 211, 213 (636 SE2d 530) (2006) (citation and punctuation omitted). Where, on the other hand, each offense requires an element of proof beyond the degree of injury or culpability that the other does not, neither of the offenses is included in the other, and the crimes do not merge under OCGA §§ 16-1-7 (a) (1) & 16-1-6. See *Dublin v. State*, 302 Ga. 60, 68 (805 SE2d 27) (2017); *Favors v. State*, 296 Ga. 842, 848 (770 SE2d 855) (2015).

Here, because the crime of aggravated assault by shooting Patton with a gun was the underlying felony for the felony murder conviction, it should have merged with the felony murder conviction for sentencing purposes. See, e.g., *McNeely v. State*, 296 Ga. 422, 426 (768 SE2d 751) (2015). Accordingly, we vacate Norris's conviction and sentence for aggravated assault by shooting the victim with a gun.

We do not agree, however, with Norris's contention that the conviction for aggravated assault with the intent to rob also should have merged into the felony murder conviction. To prove the crime of aggravated assault with the intent to rob, the State was required to show that Norris had the intent to rob. See OCGA § 16-5-21 (a) (1). And to prove the felony murder charge as indicted, the State had to prove that Norris caused Patton's death, see OCGA § 16-5-1 (c), and that he used a deadly weapon, see OCGA § 16-5-21 (a) (2). Because the two crimes each required proof of one or more facts not required by the other and did not differ only in the degree of injury or culpability, these convictions did not merge, and the trial court did not err in sentencing Norris on both convictions. See *Thomas v. State*, 292 Ga. 429, 433 (738 SE2d 571) (2013).

Judgment affirmed in part and vacated in part. All the Justices concur.

Decided January 29, 2018.

Murder. Henry Superior Court. Before Judge McGarity.

Long D. Vo, for appellant.

Darius T. Pattillo, District Attorney, Sharon L. Hopkins, Blair D. Mahaffey, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Aimee F. Sobhani, Assistant Attorney General, for appellee.