[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13990
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80048-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 2, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Keith Taylor appeals his convictions and 276-month total sentence for being a felon in possession of a firearm and ammunition, and possession of cocaine with intent to distribute. He raises five issues on appeal, which we address in turn. After review, we affirm Taylor's convictions and sentence.

## I. DISCUSSION

As the parties are familiar with the facts of this case, we will not recount them in detail. We include only those facts necessary to the discussion of each issue.

### A. *Motion to Suppress*

First, Taylor contends the district court erred by denying his request for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because he sufficiently alleged the warrant affidavit omitted information about the reliability of a confidential informant (CI). He also asserts the affidavit did not adequately distinguish which unit in the duplex was the target of the search.

"A *Franks* hearing is warranted where a defendant 'makes a substantial preliminary showing' that an affiant made intentionally false or recklessly misleading statements (or omissions), and those statements are 'necessary to the finding of probable cause.'" *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th

Cir. 2014) (quoting *Franks*, 438 U.S. at 155-56).  Generally, if an informant is mentioned in a warrant affidavit, "the affidavit must also demonstrate the informant's veracity and basis of knowledge."  *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (quotation omitted).

While it is true the warrant affidavit did not contain any information regarding the past reliability of the CI used to conduct the controlled buys, it was not required to include this information because the CI's report about purchasing the cocaine was independently corroborated.  *See Martin*, 297 F.3d at 1314 (stating if an informant's tip is sufficiently independently corroborated, no need exists to establish the veracity of the informant).  Each controlled buy was monitored by law enforcement officers, who searched the CI ahead of time and conducted audio surveillance of each buy.

Additionally, the affidavit contained a detailed description of the building and the unit within the building that was the target of the investigation:  the northern-most unit of the northern-most building with a white door, red step, and north facing secondary entrance.  Further, Taylor did not make any allegation, much less a substantial showing, that any alleged omissions were intentional or reckless.  Accordingly, the district court did not abuse its discretion in declining to hold a *Franks* hearing*, see Barsoum*, 763 F.3d at 1328 (explaining abuse of discretion review is appropriate in reviewing a district court's denial of a *Franks*

hearing), or err in denying Taylor's motion to suppress, *United States v. Watkins*, 760 F.3d 1271, 1282 (11th Cir. 2014) ("We review a district court's denial of a motion to suppress evidence for clear error as to factual findings and de novo as to its application of the law.").

## B.  404(b)

Second, Taylor contends the district court erred by allowing into evidence his prior drug trafficking conviction.  He asserts the conviction was not probative of intent, and was, therefore, inadmissible character evidence.  He argues the evidence was more prejudicial than probative, particularly because the conviction was nine years old, and there was no limiting instruction given.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id.* 404(b)(2).  To be admissible, evidence of a prior act must (1) be relevant to an issue other than the defendant's character, (2) be sufficiently proven to allow a jury to find the defendant committed the prior act, and (3) have probative value that is not substantially outweighed by the risk of unfair prejudice.  *United States v.*

*Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012).  Rule 404(b) is a rule of inclusion allowing "extrinsic evidence unless it tends to prove only criminal propensity."  *Id.*

Extrinsic evidence is relevant to show intent—thus satisfying the first prong of Rule 404(b) admissibility—if the state of mind required for the charged and extrinsic offenses is the same.  *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007).  A conviction is sufficient proof that a defendant committed the extrinsic act and satisfies the second prong of the test.  *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003).  In making a determination on the final prong, the district court has broad discretion to make "a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, [and] temporal remoteness."  *Id.* (quotation omitted).

Taylor pleaded not guilty to charges of possession with intent to distribute, and made his intent a material issue.  *See Edouard*, 485 F.3d at 1345 (entering a not guilty plea "makes intent a material issue" and "imposes a substantial burden on the government to prove intent, which it may prove [using] qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue").  Evidence of his prior conviction was highly probative of intent, *see Sanders*, 668 F.3d at 1314 (stating evidence of prior drug dealings is highly probative of intent to distribute a controlled substance), and evidence of the prior

5

conviction was unlikely to incite the jury to make an irrational decision, *see United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995) (finding evidence of prior drug offenses does not tend to incite a jury to an irrational decision). Determining the prior conviction was not too remote in time to have probative value was a proper exercise of discretion by the district court. *See Jernigan*, 341 F.3d at 1282; *see also United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (holding a district court did not abuse its discretion in admitting other acts evidence as much as 15 years old). Accordingly, the district court did not abuse its discretion in admitting the prior conviction. *See Delgado*, 56 F.3d at 1363 (reviewing a district court's admission of evidence under Federal Rule of Evidence 404(b) for an abuse of discretion).

## C.  Jury's questions

Third, Taylor asserts the district court misled the jury in its responses to a series of jury questions. We review a district court's response to a jury question for an abuse of discretion. *United States v. Wright*, 392 F.3d 1269, 1279 (11th Cir. 2004). Where a party has agreed with a proposed answer to a jury's question, however, that party may not then challenge that answer on appeal because "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Fulford*, 267 F.3d 1241, 1246-47 (11th Cir. 2001) (quotation omitted) (holding defense invited error

6

regarding court's response to a jury's question by saying, "the instruction is acceptable to us"). The district court has considerable discretion in answering a jury question, so long as the answer does not misstate the law or confuse the jury. *United States v. Lopez*, 590 F.3d 1238, 1247-48 (11th Cir. 2009). Any such supplemental instruction is considered in light of the entire jury charge, and we will not reverse unless "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Id.* at 1248 (quotation omitted).

Taylor only makes a specific argument on appeal concerning the court's response to one of the jury questions, specifically the one which asked the court to clarify the definition of "possession." When the court presented its proposed answer, however, Taylor responded, "That sounds fine, Your Honor." Under the doctrine of invited error, his agreement with the court's answer foreclosed any challenge to that answer on appeal. *See Fulford*, 267 F.3d at 1246-47. He also agreed with the court's proposed answer to the jury's questions about what constituted knowing possession, and accordingly waived any challenge to the court's responses. *See id.*

Taylor did object to one sentence in the court's answer regarding whether "possessed and possession" had the same meaning. He argues on appeal, without elaboration, that this answer misled the jury. The court's answer, however, was addressing the jury's question involving the past tense of "possess," and so appears

to have been designed to assist, rather than confuse the jury.  In any event, the response was not a misstatement of the law, and did not impair the jury's deliberations.  *See Lopez*, 590 F.3d at 1247-48.

D.  *Sufficiency of the evidence*

Fourth, Taylor contends there was insufficient evidence of intent to support his conviction for possession of cocaine with intent to distribute.  To support a conviction under 21 U.S.C. § 841(a)(1), the government must prove three elements:  "(1) knowledge; (2) possession; and (3) intent to distribute." *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989).  "Intent to distribute can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine." *Id.*

The only element that Taylor argues lacked sufficient evidence is the element of intent to distribute.  The Government was entitled to prove intent circumstantially by adducing evidence of the amount of cocaine, the existence of implements commonly associated with distribution, and Taylor's prior drug trafficking conviction.  *See id.*; *see also United States v. Pollock*, 926 F.2d 1044, 1050 (11th Cir. 1991) (stating a jury may consider a defendant's prior conviction for a drug trafficking offense as evidence of intent).  At trial, the evidence established Taylor had approximately 16 grams of cocaine, some of which was in

8

small containers, as well as digital scales and a firearm.  An expert witness testified the amount of cocaine, the way it was stored, the presence of digital scales, and the possession of a firearm were all indicia of sales.  *See United States v. Wilson*, 183 F.3d 1291, 1299 (11th Cir. 1999) (considering seven grams of cocaine indicative of intent to distribute).  The expert witness also testified the amount of cocaine involved and the presence of digital scales indicated the cocaine was not simply for personal use.  In light of all this, there was sufficient evidence for a jury reasonably to conclude beyond a reasonable doubt that Taylor intended to distribute the cocaine.  *See Poole*, 878 F.2d at 1391 (stating we review the sufficiency of the evidence *de novo*, and view the evidence in the light most favorable to the government to decide whether the jury could reasonably have found the defendant guilty beyond a reasonable doubt).

*E.  Sentence*

Finally, Taylor asserts his total sentence is substantively unreasonable.  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the district court must also consider the nature and

9

circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim.  18 U.S.C. § 3553(a)(1), (3)-(7).  The weight given to any specific factor is committed to the discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

The district court stated it had considered the required sentencing factors, including the Guidelines range, and recognized the driving factor was Taylor's criminal past, which would have placed him in criminal history category VI even if he were not classified as a career offender.  The court's attachment of greater weight to the Guidelines and Taylor's extensive criminal history, and lesser weight to his personal history, was not unreasonable.  *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (stating the court's attachment of great weight to a single factor is not necessarily unreasonable, although a district court's unjustified reliance upon any single § 3553(a) factor may be a "symptom" of an unreasonable sentence).  The court ultimately selected a total sentence within the Guidelines range, which we ordinarily expect to be reasonable.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  Finally, the fact the 276-month total sentence was below the 30-year statutory maximum also suggests that the sentence

10

was reasonable.  *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir.

2014), *cert. denied*, 135 S. Ct. 1186 (2015).  For these reasons, the district court

did not abuse its discretion and imposed a substantively reasonable total sentence.

*See Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing the reasonableness of

a sentence under a deferential abuse of discretion standard).

## II.  CONCLUSION

For the foregoing reasons, Taylor's convictions and total sentence are

**AFFIRMED.**