**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 2, 2017**

# In the Court of Appeals of Georgia

A17A1128. GUNN v. THE STATE.

DILLARD, Chief Judge.

Following a trial by jury, Kenneth Bernard Gunn was convicted of trafficking cocaine, possessing cocaine with the intent to distribute, and possessing a firearm as a convicted felon.[1] Gunn appeals from these convictions, arguing that the trial court erred by (1) admitting "other acts" evidence under Rule 404 (b); (2) denying a motion to suppress his statement to law enforcement when he had used cocaine prior to his interview; (3) failing to grant a mistrial after learning that the State's witnesses violated the rule of sequestration; and (4) failing to grant a new trial when trial

---

[1] The trial court merged the conviction for possession with intent to distribute with the conviction for trafficking cocaine for purposes of sentencing.

counsel rendered ineffective assistance by stating that he was on probation, thereby putting his character at issue. For the reasons set forth *infra*, we affirm.

At the outset, before addressing his enumerations of error, we note that Gunn previously filed an appeal with this Court (Case Number A17A0244), which was dismissed for failure to timely file an appellate brief.[2] The present appeal follows a consent-order granting Gunn's subsequent motion for out-of-time appeal in the trial court. In the present notice of appeal, Gunn indicates that the clerk should omit nothing from the appeal, and that a transcript of evidence and proceeding will be filed for inclusion in the record on appeal. But the electronic record for the current appeal is limited to filings relevant to the case *after* the dismissal of the prior appeal, which contained a lengthy electronic record. And Gunn has not indicated an intention to rely upon the record and transcript from the previously filed appeal. Nevertheless, this Court—having noticed the existence of the electronic record in the related case number—has reviewed the previously filed record to address Gunn's enumerations of error.[3]

---

[2] *See* Case No. A17A0244 (Nov. 4, 2016).

[3] The State filed a motion to supplement the record with the transcript of the jury trial proceedings. But because the transcript was previously transmitted to this Court in Case No. A17A0244, and because this Court noticed and reviewed same, the

We take this opportunity to, once again, remind appellants that the burden is upon *them* to ensure that a complete record is transmitted to this Court for review in every appeal *and* to notify this Court of their intent to rely upon a previously transmitted record or transcript,[4] including any audio- or video-recorded exhibits.[5]

State's motion is moot. *See, e.g.*, *Cherry v. Moreton Rolleston, Jr. Living Trust*, 273 Ga. App. 876, 878 n.4 (616 SE2d 157) (2005).

[4] *See Holman v. State*, 329 Ga. App. 393, 396-97 (1) (765 SE2d 614) (2014) (holding that it is the appellant's burden to notify this Court if he intends to rely upon a transcript in a previously filed appeal, and noting that "to the extent [the appellant] wished to rely upon the transcript transmitted by the trial court in the prior appeal . . ., he had a duty under OCGA § 5-6-37 to specify in the notice of appeal that he was not requesting the transmission of the transcript in this appeal because one had previously been transmitted in a prior appeal and was already on hold at the Court).

[5] *See* COURT OF APPEALS RULE 18 (b) ("When the notice of appeal directs that transcripts of a trial or a hearing be included in the record, copies of all video or audio recordings that were introduced into evidence shall be transmitted to this Court along with the trial or hearing transcript. It shall be the responsibility of the party tendering the recordings at a trial or a hearing to ensure that a copy of the recording is included in the trial court record; however, it is the burden of the appealing party to ensure that a complete record is transmitted to this Court on appeal, including the transmission of video or audio recordings. If a transcript of a trial or a hearing is designated as part of the appellate record, the clerk of the trial court shall then include the copy of the recording in the appellate record transmitted to this Court. If a copy of a recording played at a trial or a hearing is not included with the transcript designated to be transmitted in the appellate record, this Court may take whatever action is necessary in order to ensure completion of the record, including, but not limited to, issuing a show-cause order requiring an explanation of its absence. The appellant's failure to complete the record may also result in this Court declining to consider enumerations of error related to the missing evidence.").

Turning now to Gunn's contentions on appeal, and viewed in the light most favorable to the jury's verdict,[6] the record reflects that on February 8, 2012, the Gwinnett County SWAT team and Narcotics Unit executed a "no knock" warrant at a mobile home where Gunn and a co-defendant were occupants.[7] In the search that followed, officers located miscellaneous loose pills and sets of digital scales with white powdery residue in the kitchen area; chunks of crack cocaine on the floor of the dining area; drug paraphernalia in the living room area with cocaine residue on the coffee table; and chunks of cocaine, baggies associated with packaging narcotics, and a loaded handgun in one of three bedrooms. In total, officers seized 35.01 grams of cocaine with 53.4 percent purity from the residence, worth an estimated $3,500—an amount of drugs consistent with an intent to distribute. And in addition to the drugs and the distribution-related paraphernalia (*i.e.*, digital scales, large amounts of sandwich baggies, smaller baggies) found throughout the home, in the kitchen area,

---

[6] *See, e.g.*, *Sowell v. State*, 327 Ga. App. 532, 534 (759 SE2d 602) (2014).

[7] It is undisputed that the co-defendant passed away prior to trial.

Gunn's name was found on a piece of mail sent to the mobile home's address. Elsewhere, officers located receipts that also reflected Gunn's name.[8]

Following his arrest, and while still in the mobile home, Gunn gave a videotaped statement to law enforcement, and he was photographed. The photograph of Gunn depicts what appears to be a white powder substance in his nostrils, although law enforcement did not conduct testing to confirm the nature of the substance.

Gunn was subsequently indicted for and convicted of the offenses set forth *supra*. He filed a motion for new trial, which was denied. This appeal follows.[9]

---

[8] The person to whom the property was leased testified that Gunn lived at several different places, including the property; that the co-defendant, to her knowledge, did not live at the property; and that Gunn would come and go from the property.

[9] We note that Gunn does not challenge the sufficiency of the evidence. *See Dixon v. State*, 224 Ga. 636, 637 (1) (163 SE2d 737) (1968) ("The only question presented by the motion for new trial, as amended, which is not specifically raised by the enumeration of errors is the sufficiency of the evidence to support the conviction. No argument has been made on this issue, and it will be considered as abandoned."); *Treadwell v. State*, 272 Ga. App. 508, 510 (1) n.4 (613 SE2d 3) (2005) ("[Defendant] presents no argument as to the sufficiency of the evidence supporting his conviction for possessing cocaine, and thus has abandoned such claim.").

5

1. First, Gunn asserts that the trial court erred by admitting "other acts" evidence under Rule 404 (b).[10] We disagree.

The record reflects that prior to trial, the State gave Gunn notice of its intent to present evidence of a 2001 conviction for possession of cocaine with the intent to distribute. And in a pretrial hearing, the State proffered that an officer would testify to stopping Gunn's vehicle and, upon a search incident to arrest for providing a false name, finding in Gunn's groin area three grams of cocaine and a packet of small plastic baggies typically used to package cocaine. Gunn objected to the admission of this evidence on the basis that it was not similar to the facts at issue in the current case and due to the lapse of time from 2001 until the time of the charged offenses. But after taking the matter under advisement, the trial court ultimately ruled that it would admit the evidence because Rule 404 (b) "is a law of inclusion rather than

---

[10] We note that Georgia's new Evidence Code applies to this case because Gunn was tried in 2014. *See* Ga. L. 2011, pp. 99, 214, § 101 (providing that Georgia's new Evidence Code applies "to any motion made or hearing or trial commenced on or after" January 1, 2013).

exclusion"[11] and because the court found that the evidence could be appropriately admitted to show motive, intent, and knowledge.[12]

At trial, the trial court maintained its earlier ruling after hearing a proffer from the officer, who clarified that during the traffic stop, he observed Gunn take something from "his backside" and then "stuff[ ] it into his crotch[,]" and, therefore, upon reaching the jail, he ordered and observed a strip search of Gunn that revealed a cellophane wrapper containing 3.5 grams of crack cocaine in his genital area. Previously, during Gunn's arrest, the officer located in Gunn's pocket approximately 30 small plastic baggies. And the State subsequently presented the same testimony by the officer to the jury before presenting a certified copy of Gunn's conviction for

---

[11] *See, e.g.*, *State v. Frost*, 297 Ga. 296, 300 (773 SE2d 700) (2015) (explaining that Rule 404 (b) is "an evidentiary rule of inclusion which contains a non-exhaustive list of purposes other than bad character for which other acts evidence is deemed relevant and may be properly offered into evidence"); *State v. Jones*, 297 Ga. 156, 159-60 (2) (2015) (same); *see also United States v. Moody*, 763 FSupp 589, 598 (IV) (M.D. Ga. 1991) ( "In this Circuit, the rule is one of 'inclusion' regarding Rule 404 (b) evidence, for the balance is struck in favor of admissibility.").

[12] *See* OCGA § 24-4-404 (b) ("Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.").

the 2001 incident following a guilty plea. Prior to this testimony, the trial court instructed the jury as follows:

> [S]ometimes evidence is admitted for a limited purpose. Such evidence may be considered by the jury for the sole issue or purpose for which the evidence is limited and not for any other purpose.
>
> In order to prove its case, the State must show intent, must show knowledge, and may show motive. To do so, the State is about to offer evidence of other crimes allegedly committed by the accused. You are permitted to consider that evidence only insofar as it may relate to those issues and not for any other purpose. You may not infer from such evidence that the defendant is of a character that would commit the crimes alleged in this case.

The court repeated this charge to the jury just prior to deliberations, and it expounded upon same.

Gunn asserts that the trial court erred in admitting this "other acts" evidence because the 2001 incident was factually dissimilar and because of the time span between 2001 and the events in 2012.

Rule 404 (b) provides that

> [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including,

but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[13]

Nevertheless, even evidence that is offered for a proper purpose under Rule 404 (b) may be excluded under Rule 403 if the evidence's "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[14]

The Supreme Court of Georgia has adopted a three-part test by which we evaluate the admissibility of so-called "other acts" evidence.[15] Under that test, "(1)

---

[13] OCGA § 24-4-404 (b); *accord Smart v. State*, 299 Ga. 414, 417 (2) (788 SE2d 442) (2016).

[14] OCGA § 24-4-403 (b); *accord Smart*, 299 Ga. at 417 (2); *Morris v. State*, 340 Ga. App. 295, 305 (4) (797 SE2d 209) (2016). *See generally* Ronald L. Carlson & Michael Scott Carlson, CARLSON ON EVIDENCE 130 (5th ed. 2016) ("Evaluating the balance between probativity and prejudice under Rule 403 calls for a commonsense assessment of all the circumstances surrounding the other act, including [the] proponent's need for the [Rule 404 (b)] evidence, the overall similarity between the extrinsic evidence and the offense at issue, and the temporal proximity of the two.").

[15] *Smart*, 299 Ga. at 417 (2); *Morris*, 340 Ga. App. at 306 (4). *See generally Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015) (adopting the three-part test used by the Eleventh Circuit Court of Appeals in evaluating such evidence pursuant to the Federal Rules of Evidence, upon which Georgia's new Evidence Code is modeled).

9

the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; [and] (3) the government must offer sufficient proof so that the jury could find that defendant committed the act."[16] As to the first factor, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[17] And as to the second factor, even if 404 (b) evidence is relevant, we must decide whether "the probative value of the other acts evidence is substantially outweighed by its unfair prejudice, i.e., the evidence must satisfy the requirements of Rule 403."[18] Of course, application of the Rule 403 balancing test is "a matter committed principally to the discretion of the trial courts, but as we have explained before, the exclusion of evidence under Rule 403 is an extraordinary remedy which

---

[16] *Smart*, 299 Ga. at 417 (2) (punctuation omitted) (quoting *United States v. Ellisor*, 522 F3d 1255, 1267 (11th Cir. 2008)); *accord Morris*, 340 Ga. App. at 306 (4). We note that Gunn does not challenge the third prong, and the State presented evidence to show that Gunn was convicted of the crimes relevant to the Rule 404 (b) evidence when he pleaded guilty to same.

[17] OCGA § 24-4-401; *accord Smart*, 299 Ga. at 418 (2) (a); *Morris*, 340 Ga. App. at 306 (4).

[18] *Smart*, 299 Ga. at 418 (2) (b) (punctuation omitted); *accord Jones*, 297 Ga. at 159; *Morris*, 340 Ga. App. at 306 (4).

should be used only sparingly."[19] Finally, on appeal, we review the admission of Rule 404 (b) evidence "for a clear abuse of discretion, a review requiring the appellate court to make a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness."[20]

Here, Gunn has failed to establish that the trial court abused its discretion by admitting evidence of his 2001 conviction for possessing cocaine with the intent to distribute same when he placed his intent in issue by pleading not guilty to the charges of trafficking in cocaine and possessing cocaine with the intent to distribute.[21]

---

[19] *Smart*, 299 Ga. at 418 (2) (b) (punctuation omitted); *accord Morris*, 340 Ga. App. at 306 (4).

[20] *Graham v. State*, 337 Ga. App. 664, 669 (2) (788 SE2d 555) (2016) (punctuation omitted); *accord Brannon v. State*, 298 Ga. 601, 606 (4) (783 SE2d 642) (2016); *Morris*, 340 Ga. App. at 307 (4); *see also United States v. Matthews*, 431 F3d 1296, 1312 (V) (11th Cir. 2005) ("While this panel may have decided the issue differently, particularly given the lack of similarity and the extended period of time between the offenses, we cannot say that the trial court's decision to admit the evidence constituted such a clear error of judgment as to amount to an abuse of discretion."); *United States v. Frazier*, 387 F3d 1244, 1259 (II) (11th Cir. 2004) (en banc) ("[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard.").

[21] *See Parks v. State*, 300 Ga. 303, 307 (2) (794 SE2d 623) (2016) ("We have held that intent is put at issue any time a defendant pleads not guilty and so evidence

11

Additionally, Gunn did nothing to remove intent as an issue and, indeed, as discussed in Division 2 *infra*, he told law enforcement that he did not live in the house throughout which the drugs and drug-distribution paraphernalia were found.[22] And

that goes to prove intent would be relevant."); *see also United States v. Taylor*, 618 Fed.Appx. 969, 972 (1) (B) (11th Cir. 2015) (holding that not-guilty plea to charge of possession with intent to distribute made intent a material issue and that evidence of prior conviction was highly probative of intent); *United States v. Green*, 40 F3d 1167, 1174 (11th Cir. 1994) (holding that district court did not abuse its discretion by admitting evidence of prior arrest for possession of distributable amount of cocaine when "[t]he challenged act involved the same mental state as the charged crime because both incidents involved possession of the same illicit drug, cocaine" and, thus, district court "properly admitted similar act evidence of the prior arrest for possession of a distributable quantity of cocaine base to establish intent where [defendant] pleaded not guilty, placing intent in issue, and where intent is an element of the crime charged, in this case, possession with intent to distribute"). *Cf. Parks*, 300 Ga. at 307 (2) (holding that other acts evidence was not admissible to prove intent, despite a not-guilty plea, when defendant admitted to shooting victim but claimed that he did so in self defense, making the only factual issue the *reason* for the admitted act, and noting that "[t]he fact that the defendant had committed an assault on another person 24 years earlier had nothing to do with his reason for—his intent in—shooting the victim" because "[a]ll that the evidence of the prior conviction of assault could possibly show was the defendant's propensity to commit assaults on other persons or his general propensity to commit violent crimes" (punctuation omitted)).

[22] *See Hood v. State*, 299 Ga. 95, 102 (4) (786 SE2d 648) (2016) (acknowledging that a defendant may sometimes remove intent as an issue at trial, but declining to accept appellant's assertion that a rejected stipulation as to intent would eliminate the relevance of other acts evidence introduced to prove same); *see also State v. Jones*, 297 Ga. 156, 161 (2) n.4 (773 SE2d 170) (2015) ("[A[ ] defendant puts his intent in issue when he pleads not guilty unless he takes affirmative steps to withdraw intent as an element to be proved by the State.").

12

because Gunn's participation in the earlier crime required the same intent as the charged crimes, the evidence of the earlier other act was relevant.[23]

As for the time span between the two incidents (2001 to 2012), Gunn provides no citation to authority to support his assertion that such a span in time is too remote for admissibility.[24] Instead, given precedent from the Eleventh Circuit Court of Appeals (to which we may look when construing the provisions in our new Evidence Code),[25] we hold that under the facts of this case, this temporal nexus was not too

_____

[23] *See Jones v. State*, 299 Ga. 377, 383 (4) (788 SE2d 477) (2016) ("As appellant's participation in the earlier crimes required the same intent as the charged [crime], the evidence of these other acts was relevant."); *Graham v. State*, 337 Ga. App. 664, 669 (2) (788 SE2d 555) (2016) ("Evidence of these other acts, which involved the same sort of intent as required to prove the [charged crime] here and had a tendency to prove such intent, was relevant and satisfied the first requirement for admission.").

[24] *See* COURT OF APPEALS RULE 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.").

[25] *See Olds v. State*, 299 Ga. 65, 69 (2) (786 SE2d 633) (2016) ("Many provisions of the new Evidence Code were borrowed from the Federal Rules of Evidence, and when we consider the meaning of these provisions, we look to decisions of the federal appellate courts construing and applying the Federal Rules, especially the decisions of the United States Supreme Court and the Eleventh Circuit. Rule 404 (b) is one such provision, and so, when we have considered the meaning of Rule 404 (b), we consistently have looked for guidance in the decisions of the federal appellate courts construing and applying Federal Rule of Evidence 404 (b)." (citations omitted)).

remote to erode the probative value of the prior conviction.[26] Accordingly, this enumeration of error is without merit.

2. Next, Gunn argues that the trial court erred by denying a motion to suppress his statement to law enforcement when he used cocaine prior to the interview. Again, we disagree.

At the pretrial hearing held under *Jackson v. Denno*,[27] the law enforcement agent who interviewed Gunn testified that he was taken into custody at the time the search was performed; that when the search was performed, Gunn had a white, powdery residue in his nose that appeared to be cocaine, although this was not

[26] *See United States v. LeCroy*, 441 F3d 914, 926 (II) (E) (11th Cir. 2006) (holding that ten-year time period between "other acts" evidence and charged offense was not too remote); *United States v. Lampley*, 68 F3d 1296, 1300 (A) (11th Cir. 1995) (holding that district court did not abuse its discretion by admitting "other acts" evidence of drug dealings that took place 15 years before the offense in issue); *see also Taylor*, 618 Fed.Appx. at 972 (1) (B) (relying upon *Lampley* to hold that nine-year temporal nexus was not too remote in time to have probative value); *United States v. Jones*, 550 FSupp.2d 1377, 1380 (II) (S.D. Fla. 2008) (looking to precedent from Eleventh Circuit to determine that probative value was not eroded by approximately eight-year temporal nexus). *Cf. United States v. Sanders*, 668 F3d 1298, 1315 (III) (B) (11th Cir. 2012) (declining to establish bright-line rule for when "other acts" evidence is too old to be admissible, but holding that trial court abused its discretion by admitting evidence of 22-year-old conviction for street-level sale of 1.4 grams of marijuana in trial on charges of international conspiracy to traffic 153 kilograms of cocaine).

[27] 378 U.S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

noticed until *after* Gunn was interviewed; that Gunn "seemed like he knew what was going on" and his faculties appeared to be intact; that Gunn was advised of his *Miranda* rights;[28] that Gunn was not coerced or threatened; that Gunn was not offered any hope of benefit or reward in order to speak; and that Gunn voluntarily spoke to her after being advised of his rights.[29] In the brief interview, Gunn told the law-enforcement officer that he "didn't stay at the house" and that she should "just take him in." After hearing the officer's testimony and viewing a video recording of the interview, the trial court denied Gunn's motion to suppress, finding that Gunn's statement was freely and voluntarily given, that Gunn knowingly and intelligently waived his *Miranda* rights, and that there was no fear of injury or hope of benefit.

When a trial court rules upon the admissibility of a custodial statement, the court must determine whether, "based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily."[30] And unless clearly erroneous, a trial court's findings as to "factual

---

[28] *See Miranda v. Arizona*, 384 U.S. 436 (86 SCt 1602, 16LE2d 694) (1966).

[29] The officer repeated these assertions in her testimony at trial.

[30] *Bell v. State*, 284 Ga. 790, 794 (2) (671 SE2d 815) (2009) (punctuation omitted); *accord Roberts v. State*, 282 Ga. 548, 548 (2) (651 SE2d 689) (2007).

15

determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal."[31] Here, based upon the foregoing evidence and testimony, we find the trial court was authorized to conclude that Gunn gave a voluntary statement and made a knowing and intelligent waiver of his *Miranda* rights.[32] Accordingly, the trial court did not err in admitting the custodial statement.

---

[31] *Bell*, 294 Ga. at 794 (2) (punctuation omitted); *accord Roberts*, 282 Ga. at 548-49 (2).

[32] *See Wallace v. State*, 296 Ga. 388, 390 (3) (768 SE2d 480) (2015) (holding that despite the fact that defendant told detective he had used cocaine a few hours before providing statement, in light of detective's testimony that defendant "did not appear to be under the influence of cocaine or any other drugs, alcohol, or medication, that he appeared to understand his rights and waived them orally, and that he was coherent and answered questions appropriately," trial court did not err in admitting statement); *Garcia v. State*, 267 Ga. 257, 258 (5) (477 SE2d 112) (1996) (rejecting claim that custodial statement was inadmissible when given under the influence of cocaine because "the evidence adduced at [the] hearing authorized the finding that [defendant] freely and voluntarily gave the statement"); *Philmore v. State*, 263 Ga. 67, 68 (2) (428 SE2d 329) (1993) (holding that, based upon officers' testimony regarding defendant's demeanor during interview, trial court was authorized to conclude that statement was voluntary "even assuming [defendant] had earlier used cocaine and was still under that drug's effect during the interview"); *see also Norton v. State*, 293 Ga. 332, 335 (2) (745 SE2d 630) (2013) ("The mere fact that [defendant] may have been somewhat intoxicated at the time of the interview does not automatically render evidence thereof inadmissible."); *Jones v. State*, 285 Ga. 328, 329 (2) (676 SE2d 225) (2009) ("The mere fact that appellant was intoxicated at the time of the statements does not automatically render them inadmissible.").

3. In his final two enumerations of error, Gunn argues that the trial court erred by (1) failing to grant a mistrial after learning that the State's witnesses violated the rule of sequestration, and (2) failing to grant a new trial when trial counsel was ineffective by stating that he was on probation, thereby placing his character in issue. But we do not address these contentions because Gunn has abandoned them for appellate review.

In both enumerations of error, beyond one or two case citations to the most basic legal authority as to the *purposes* of the rule of sequestration and the *standard* applied to claims of ineffective assistance of counsel, Gunn provides *no* authority in support of his specific contentions as to how and why the trial court committed error in these instances. Instead, his "arguments" are reduced to single paragraphs in both enumerations, which largely focus on the factual allegations of what occurred at trial and omit any meaningful appellate argument beyond mere conclusory statements of error. But as we have previously emphasized, under the rules of this Court, "an appellant must support enumerations of error with argument and citation of authority,"[33] and "mere conclusory statements are not the type of meaningful

---

[33] *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014); *see* COURT OF APPEALS RULE 25 (a) (3) (providing that part three of appellant's brief "shall contain the argument and citation of authorities" and "a concise statement of

17

argument contemplated by our rules."[34] Thus, Gunn has abandoned these final

enumerations of error, and we will not address them.[35]

Accordingly, for these reasons, we affirm the trial court's denial of Gunn's

motion for new trial.

*Judgment affirmed. Ray, P. J. and Self, J., concur.*

---

the applicable standard of review with supporting authority for each issue presented in the brief"); *see also* COURT OF APPEALS RULE 25 (c) (2) (providing that "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned").

[34] *Brittain*, 329 Ga. App. at 704 (4) (a) (punctuation omitted); *accord Davenport v. State*, 308 Ga. App. 140, 156 (2) (e) (706 SE2d 757) (2011); *Towry v. State*, 304 Ga. App. 139, 148 (2) (g) n.7 (695 SE2d 683) (2010).

[35] *See Humphrey v. Riley*, 291 Ga. 534, 544 (II) (I) (731 SE2d 740) (2012) (deeming portions of ineffective-assistance-of-counsel argument abandoned when several claims were "not supported by specific citation or argument" in violation of Supreme Court Rule 22); *Brittain*, 329 Ga. App. at 704 (4) (a) (deeming arguments abandoned by failure to provide citation to authority and/or meaningful argument as contemplated by Court Rules); *Patterson v. State*, 327 Ga. App. 695, 698 (3) (761 SE2d 101) (2014) (deeming arguments of ineffective assistance abandoned when alleged errors were not "supported with any further argument, citations to the record, or legal authority"); *Wynn v. State*, 322 Ga. App. 66, 71 (4) (b) (744 SE2d 64) (2013) (deeming portions of argument abandoned when they were "not supported by specific citation or argument"); *see also* Stephen Louis A. Dillard, *Open Chambers Revisited: Demystifying the Inner Workings and Culture of the Georgia Court of Appeals*, 68 MERCER L. REV. 1, 7 (II) (2016) ("The quickest way to sabotage your appeal is to fail to substantiate legal arguments or key factual or procedural assertions.").