**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 24, 2022**

# In the Court of Appeals of Georgia

A22A0134. PORTER v. THE STATE.

REESE, Judge.

A jury found Jackie Porter guilty of driving under the influence ("DUI"), less safe.[1] On appeal, Porter argues that the trial court erred by (1) admitting evidence of his previous arrest for DUI; and (2) admitting testimony regarding his refusal to provide a chemical breath sample. For the reasons set forth infra, we affirm in part and vacate in part, and remand.

Shortly before midnight, on June 8, 2016, Officer Kenneth Farley observed a silver Kia Soul turn off its headlights and drive into the Meriwether County Commissioner's building parking lot. When Officer Farley did not see anyone exit the vehicle, he commenced a traffic stop.

---

[1] See OCGA § 40-6-391 (a) (1).

When Officer Farley reached the driver's door and asked Porter why he was in the lot, he smelled alcohol "coming from [within] the passenger compartment of the vehicle[,]" and noticed that Porter's speech was slurred and his eyes were bloodshot. Officer Farley testified that Porter stated he was there to see his wife who worked at the Division of Family and Children Services building, even though the driveway for this building is "just north of the County Commissioner's building[.]" When the officer contacted Porter's wife, who had recently filed for divorce, she stated that she was not working that evening.

At this point, Officer Farley asked Porter to step out of his vehicle to undergo a field sobriety test, and noticed that Porter appeared "unbalanced and unsteady on his feet as he walked." Officer Farley performed the horizontal gaze nystagmus ("HGN") test on Porter and concluded that Porter's eyes lacked smooth pursuit. Officer Farley also asked Porter to perform the walk-and-turn and one-leg stand tests, but did not rely on these tests because Porter indicated that he had an ankle injury.

Officer Farley then asked Porter to submit to a portable breath test ("PBT"). Porter initially placed his tongue over the device's tube, thereby preventing an accurate reading, but subsequently performed the test correctly and tested positive for the presence of alcohol. Officer Farley placed Porter under arrest and read him

Georgia's implied consent notice, but Porter refused to provide a chemical breath sample. A search of Porter's vehicle uncovered a "water bottle" container with "a red substance in it that smelled like wine[,]" which the officer poured out.

Prior to trial, the court ruled that evidence of Porter's previous 2015 arrest for DUI was admissible under both OCGA § 24-4-404 (b) and OCGA § 24-4-417 (a) (1). The State presented testimony that in September 2015, an officer stopped Porter after he failed to maintain his lane. The officer testified that he smelled alcohol coming from Porter's vehicle, and that he conducted an HGN test on Porter and Porter demonstrated six out of six clues indicating impairment. The officer asked Porter to perform the walk-and-turn and the one-leg stand tests, but the officer did not require these tests as Porter indicated that he had "bad ankles."

Porter submitted to a PBT, which tested positive for alcohol, although initially he placed his tongue over the device's tube as he did during his 2016 stop, which prevented an accurate reading. Porter was arrested for driving under the influence of alcohol and was read Georgia's implied consent notice. Porter subsequently provided a chemical breath sample, which showed a blood alcohol content of .120. Testimony at trial indicated that Porter pled guilty to the 2015 charge of DUI, less safe.

The jury found Porter guilty of DUI, less safe. Porter filed a notice of appeal, but this Court remanded the case because the trial court had allowed Porter's counsel to withdraw without appointing a replacement counsel or confirming that Porter had waived his right to appellate counsel. Porter secured alternative counsel, and this appeal followed.

"On appeal, the trial court's rulings on the exclusion or admission of evidence are reviewed for a clear abuse of discretion."[2]

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous.[3]

With these guiding principles in mind, we now turn to Porter's claims of error.

1. Porter argues that the trial court erred in admitting evidence of his prior arrest for DUI.

Under OCGA § 24-4-417 (a) (1),

---

[2] *Hines v. State*, 353 Ga. App. 710, 713-714 (2) (839 SE2d 208) (2020) (citation and punctuation omitted).

[3] *Bryant v. State*, 326 Ga. App. 385, 386 (756 SE2d 621) (2014) (citation and punctuation omitted).

[i]n a criminal proceeding involving a prosecution for a violation of Code Section 40-6-391, evidence of the commission of another violation of Code Section 40-6-391 on a different occasion by the same accused shall be admissible when:

The accused refused in the current case to take the state administered test required by Code Section 40-5-55 and such evidence is relevant to prove knowledge, plan, or absence of mistake or accident[.]

Here, Porter begins by asserting, in passing, that the trial court erred by allowing testimony of his prior, 2015 arrest for DUI because the court made its ruling before hearing evidence that Porter had refused to submit to a breath test during his 2016 arrest.[4] However, with the exception of one inapposite case referenced in his reply brief, Porter offers no authority for this proposition.[5] Moreover, although his

---

[4] Although Porter references a "2006 DUI refusal" throughout his brief, this appears to be a mistaken reference to his 2015 arrest as there is no evidence of a 2006 incident in the record. Thus, although Porter does not refer to his 2015 arrest, we treat references to the 2006 incident to mean his 2015 arrest.

[5] Porter cites *Williams v. State*, 336 Ga. App. 442 (784 SE2d 808) (2016) to support his proposition in his reply brief. In *Williams*, this Court held that the trial court erred in denying the defendant's motion for new trial because the record did not demonstrate that the court had asked Williams sufficient questions to ensure his waiver was knowing, voluntary, and intelligent. Id. at 446-447 (2) (b). In contrast, here the trial court issued an evidentiary ruling before trial, and the testimony at trial confirmed that Porter actually refused to submit to a breath test following his 2016 arrest for DUI.

argument appears to center on the trial court's admission of his prior arrest under

OCGA § 24-4-417 (a), Porter never references OCGA § 24-4-417, or explains how

the court's ruling specifically failed to comply with the statute. Additionally, Porter

does not address the fact that the trial court ruled the 2015 arrest was alternatively

admissible under OCGA § 24-4-404 (b). Thus, we consider this argument

abandoned.[6]

Porter also asserts that the trial court erred in admitting evidence of his 2015

arrest for DUI because Porter refused to submit to a chemical breath test in 2015 and

evidence of a defendant's refusal to submit to a breath test is excluded under the

Georgia Supreme Court's rulings in *Olevik v. State*[7] and *Elliott v. State.*[8] Although we

---

[6] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *De Castro v. Durrell*, 295 Ga. App. 194, 204 (3) (671 SE2d 244) (2008) (holding a claim of error abandoned because the appellants failed to cite any authority in support of their motion for sanctions "other than 'Rule 11'"); see also *Gunn v. State*, 342 Ga. App. 615, 623-24 (3) (804 SE2d 118) (2017) (holding that appellant abandoned two claims of error when he only offered one or two case citations to "the most basic legal authority" and noting that "mere conclusory statements are not the type of meaningful argument contemplated by our rules[ ]") (punctuation and footnote omitted).

[7] 302 Ga. 228 (806 SE2d 505) (2017).

[8] 305 Ga. 179 (824 SE2d 265) (2019).

6

agree that the Georgia Supreme Court has held that the Georgia Constitution "precludes admission of evidence that a suspect refused to consent to a breath test[,]"[9] the issue with Porter's argument here is that he did not refuse to submit to a breath test in 2015. Trial testimony showed that Porter submitted to a chemical breath test following his arrest for DUI in 2015. Thus, as evidence of Porter's prior DUI arrest did not involve a refusal to test, we conclude that Porter's argument the trial court erred on these grounds is without merit.

2. Porter argues that the trial court erred in allowing testimony at trial regarding his refusal to submit to a breath test following his 2016 arrest for DUI. The State concedes that the trial court erred in admitting evidence of Porter's refusal, and requests that we remand the case to the trial court.

As noted above, the Supreme Court of Georgia has held that evidence of a defendant's refusal to submit to a state-administered breath test is inadmissible.[10] Here, as noted by both Porter and the State, the jury heard testimony that Porter

---

[9] *Awad v. State*, 313 Ga. 99, 102 (2) (868 SE2d 219) (2022) (citation and punctuation omitted).

[10] See *Elliott*, 305 Ga. at 223 (IV) (E).

7

refused to submit to a breath test following his 2016 arrest.[11] As the admission of Porter's refusal was in error, the next question, as the State notes, is whether the error was harmless.

A conviction will be affirmed despite a constitutional error "if the error is harmless beyond a reasonable doubt. A constitutional error is harmless if there is no reasonable possibility that the evidence complained of might have contributed to the conviction."[12] "The burden rests with the prosecution in making this showing."[13] Here, as the State conceded that testimony of Porter's refusal was not harmless error, it did not carry its burden.[14]

---

[11] Although Porter was convicted of DUI, less safe in 2018 and the Supreme Court of Georgia issued *Elliott* in 2019, we apply *Elliott* here under the "pipeline" rule as Porter preserved the issue for appeal by objecting to the admission of his refusal at trial. See *State v. Herrera-Bustamante*, 304 Ga. 259, 262-263 (2) (a) (818 SE2d 552) (2018).

[12] *Vaughn v. State*, 248 Ga. 127, 131 (2) (281 SE2d 594) (1981) (citation and punctuation omitted); see *Brown v. State*, 262 Ga. 833, 836 (10) (426 SE2d 559) (1993).

[13] *Mangum v. State*, 274 Ga. 573, 577 (2) (555 SE2d 451) (2001).

[14] Although the State referenced the standard for a nonconstitutional error, the present case involves a constitutional error as Porter's right to refuse is grounded in his right against self-incrimination under Article I, Section I, Paragraph VXI of the Georgia Constitution of 1983. See *Elliott*, 305 Ga. at 223 (IV) (E). However, as the standard for nonconstitutional errors is less stringent than the standard for

Moreover, the jury heard testimony of Porter's refusal, and the State referenced the refusal in its closing, stating that Porter's refusal could be used "as an inference that he knew if he took the test that it would not go well for him." Additionally, Officer Farley testified that of the three field tests normally administered, the HGN, the walk-and-turn, and one-leg stand, he only relied upon the HGN test due to Porter's statement regarding his ankle injury. Further, the trial court also stated in its charge to the jury that it could consider Porter's refusal to test.

Thus, based on the presentation of testimony regarding Porter's refusal to test, in addition to the State's concession that the error was not harmless, we conclude that the error was not harmless beyond a reasonable doubt,[15] and we vacate Porter's conviction for DUI, less safe, and remand the matter to the trial court for a new trial.

*Judgment affirmed in part and vacated in part, and case remanded. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

constitutional errors, this difference in standards does not impact our conclusion, i.e., the State agrees the court's error was not harmless. See *Davenport v. State*, 309 Ga. 385, 389 (2) (846 SE2d 83) (2020) ("A nonconstitutional error is harmless if it is highly probable that the error did not contribute to the verdict.") (citation and punctuation omitted).

[15] See *Vaughn*, 248 Ga. at 131 (2).